IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDRICK BERNARD MOSLEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:22-cv-539-WKW-CWB |
| | ) |
| CHIEF YOUNGBLOOD, et al., | ) |
| | ) |
|    Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate at the Bullock Correctional Facility in Union Springs, Alabama, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment. Specifically, Plaintiff complains of inadequate kitchen staffing, being forced to eat by threats of harm, and being fed biscuits, potatoes, and water. (Doc. 1-1 at p. 1). Plaintiff further alleges that inmates are fed on Styrofoam dishes. (Doc. 1-1 at p. 2). As relief for such alleged violations, Plaintiff requests money damages and "misdemeanor of guilty." (Doc. 1 at p. 4).

Because Plaintiff has been allowed to proceed *in forma pauperis*, the court must conduct an initial review of the complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires dismissal if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Upon such threshold review, the court finds that this matter is due to be dismissed prior to service of process.

**I.     Discussion**

Prison officials have a duty under the Eighth Amendment to "ensure that inmates receive adequate food, clothing, shelter and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Plaintiff asserts that those rights have been violated. The court concludes, however, that Plaintiff's allegations are insufficient to entitle him to relief.

To demonstrate an Eighth Amendment violation regarding conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834. Under the "objective" inquiry, a prisoner must allege a condition sufficiently serious to amount to the denial of a basic human need. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992) ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, . . . only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (citations and quotations omitted); *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Restrictive or even harsh conditions alone thus do not rise to the level of an Eighth Amendment violation. *Id*. The conditions instead must be extreme and pose an unreasonable risk of serious damage to the prisoner's future health or safety. *Id.* Under the "subjective" inquiry, the prisoner additionally must allege that the named official acted with at least deliberate indifference. *Farmer,* 511 U.S. at 834.

With respect to food service, "[t]he Constitution requires that prisoners be provided 'reasonably adequate food.'" *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1986) (citation and quotation marks omitted). A well-balanced meal of enough nutritional value to preserve health satisfies the requirement. *Id*. "The fact that food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Id*. (citation and quotation marks omitted).

Plaintiff's allegations regarding inadequate food service on several occasions in August 2022, even if true, would not rise to the level of an Eighth Amendment violation. *See Bennett v. Misner*, 2004 WL 2091473 *20 (D. Or. 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation."). Here, Plaintiff alleges that inmates are sometimes served on Styrofoam, that the facility does not have staff to feed inmates properly, and that inmates are at times fed undercooked white biscuits, potatoes, and water. (Doc. 1 at p. 3; Doc. 1-1 at p. 2). Such allegations of periodic conduct, standing alone, simply fail to state a constitutional deprivation.

Plaintiff also alleges that Defendants "intent force feed, by Harms said Bitch ass I spray all." (Doc. 1-1 at p. 1). Even if the court assumes that Plaintiff has been threatened verbally during chow time, the allegation likewise would fail to state a claim. *See Hernandez v. Florida Dept. of Corr.,* 281 Fed. App'x 862, 866 (11th Cir. 2008) (affirming lower court's dismissal pursuant to 28 U.S.C. § 1915 of claims based on "allegations of verbal abuse and threats by prison officers")

Because Plaintiff has failed to identify any deprivation of rights rising to the level of a constitutional violation, the complaint is subject to dismissal as frivolous and as failing to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). *See also Neitzke v. Williams*, 490 U.S. 319 (1989). Moreover, the court finds that the general nature of the allegations are such that affording Plaintiff an opportunity to amend would be futile. *Chandler*, 379 F.3d at 1289 ("The objective component of an Eighth Amendment claim requires Plaintiff to show that such conditions were so extreme as to deprive him of the "'minimal civilized measure of life's necessities.'") (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

## II.  Conclusion

Accordingly, the Magistrate Judge hereby RECOMMENDS that Plaintiff's complaint be DISMISSED with prejudice prior to the service of process.

It is further ORDERED that, by October 3, 2022, the parties may file written objections to this Recommendation.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of September 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**